DECISION AND JUDGMENT ENTRY {¶ 1} Steve C. Hall appeals the judgment of the Hocking County Court of Common Pleas effectively granting his petition for postconviction relief and resentencing him to the same, non-minimum, consecutive terms that the court originally imposed. Hall maintains that the trial court's retroactive application of the relevant sentencing statutes, as modified by the Ohio Supreme Court's holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, deprived him of his constitutional right to due process of law. Because we find that Hall failed to timely file his petition for postconviction relief or satisfy the statutory requirements for filing a delayed petition, we find that the trial court lacked jurisdiction to consider it. Therefore, the judgment appealed is void. Accordingly, we vacate the August 30, 2006 judgment and dismiss Hall's appeal. *Page 2 
 I. {¶ 2} On April 1, 2005, a Hocking County Grand Jury indicted Hall for the following offenses against his two, young daughters: (1) two counts of rape in violation of R.C. 2907.02(A)(1)(b); (2) two counts of rape in violation of R.C. 2907.02(A)(2); (3) two counts of sexual battery in violation of R.C. 2907.03(A)(5); (4) two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); and (5) one count of intimidation of victim in a criminal case in violation of R.C.2921.04(A).
 {¶ 3} Hall initially entered not guilty pleas. However, Hall later reached a plea agreement with the prosecution. On July 29, 2005, Hall pled guilty to two counts of rape in violation of R.C. 2907.02(A)(1)(b); two counts of sexual battery in violation of R.C. 2907.03(A)(5); and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). In exchange, the state agreed to dismiss the remaining counts of the indictment. The parties jointly recommended an aggregate sentence of thirty years — nine years imprisonment for each rape conviction, four years imprisonment for each sexual battery conviction; and four years imprisonment for the gross sexual imposition conviction. The parties further stipulated that Hall was a sexual predator.
 {¶ 4} The trial court issued its judgment entry adopting the parties' sentencing recommendation on August 4, 2005. On November 15, 2005, the trial court issued a nunc pro tunc entry, again imposing the jointly recommended sentence. In that entry, the court also found that Hall was a sexually oriented offender and adjudicated him a sexual predator as defined in R.C. 2950.01, et seq., in accordance with the parties' stipulation and the court's oral pronouncement at the sentencing hearing. *Page 3 
 {¶ 5} Hall did not directly appeal either the original or the nunc pro tunc sentencing entry.[1] On July 21, 2006, Hall filed a petition for post conviction relief asking the trial court to vacate his sentence on the basis of the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In response, the trial court conducted a resentencing hearing. On August 30, 2006, the court issued a judgment entry imposing a sentence identical to Hall's original sentence.
 {¶ 6} Hall appeals, raising the following assignment of error: "At the resentencing hearing, imposition of greater than the minimum terms for an individual who had not previously served time in prison, and making those terms consecutive, violated the Sixth Amendment and due process guarantees of the federal constitution and the equivalent guarantees under the Ohio Constitution."
 II. {¶ 7} On appeal, Hall asserts that the remedy the Ohio Supreme Court set forth in Foster to remedy constitutional defects in Ohio's sentencing statutes violates his constitutional right to due process in the same manner that comparable legislative action would violate the ex post facto clauses of the state and federal constitutions. Specifically, Hall asserts that the sentencing statutes in effect at the time of his original sentencing created a presumption in favor of minimum sentences for offenders who had not previously served a prison term, as well as a presumption in favor of concurrent sentences, unless the trial court made certain statutorily mandated findings. Hall *Page 4 
maintains that when the Foster Court found the statutorily mandated judicial findings unconstitutional and excised those portions of the statute that required judicial fact finding to impose greater than minimum or consecutive prison terms, the trial court had no alternative but to impose minimum, concurrent sentences for his offenses. We do not reach the merits of Hall's assignment of error because we conclude that the trial court lacked the requisite jurisdiction to consider Hall's petition for postconviction relief.
 {¶ 8} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment."State v. Calhoun (1999), 86 Ohio St.3d 279, 281. (Citations omitted.) It is a special statutory proceeding governed by R.C. 2953.21. The statute authorizes a court of common pleas to consider a petition for postconviction relief filed within 180 days after the trial transcript is filed in the petitioner's direct appeal, or, if no appeal is taken, no later than 180 days after the expiration of the time for filing the appeal. R.C. 2953.21 (A)(2).
 {¶ 9} Additionally, R.C. 2953.23(A) (1 ) permits a trial court to consider a delayed petition for postconviction relief under extremely limited circumstances — only if both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable *Page 5 
 factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 10} A court has no jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner makes the showings required by R.C. 2953.23(A). State v. Gibson, Washington App. No. 05CA20, 2005-Ohio-5353, at ¶ 10, citing State v. Carter, Clark App. No. 03CA-11, 2003-Ohio-4838, citing State v. Beuke (1998),130 Ohio App.3d 633, and State v. Owens (1997), 121 Ohio App.3d 34; State v. McGee, Lorain App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed,98 Ohio St.3d 1409, 2003-Ohio-60; State v. Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922. See, also, State v. Franks, Franklin App. No. 04AP-1370,2005-Ohio-5923, citing State v. Halliwell (1999), 134 Ohio App.3d 730.
 {¶ 11} "[W]here jurisdiction of the subject matter exists, but a statute has prescribed the mode and particular limits within which it may be exercised, a court must exercise jurisdiction in accordance with the statutory requirements; otherwise, although the proceedings are within the general subject-matter jurisdiction of the court, any judgment rendered is void because the statutory conditions for the exercise of jurisdiction have not been met." Ohio Jurisprudence 3d (2003), Courts and Judges, Section 243, citing State ex rel. Parsons v.Bushong (1945), 92 Ohio App. 101, 109 N.E.2d 692, paragraph three of the syllabus, and citing generally, Article IV, Ohio Constitution. An order issued without jurisdiction is a nullity — it is void and without legal effect. Patton v. D/emer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of *Page 6 
the syllabus. Ohio courts possess the inherent authority to vacate a void judgment. Id. at paragraph four of the syllabus.
 {¶ 12} Hall did not file a direct appeal of his conviction and sentence. The trial court filed its initial judgment entry on August 4, 2005, and filed a nunc pro tunc entry on November 15, 2005. Ordinarily, a nunc pro tunc entry operates retrospectively as between the parties to the action. Petition for Inquiry into Certain Practices (1948),150 Ohio St. 393, 398, citing 30 American Jurisprudence, 886, Section 123. However, the relation back of a nunc pro tunc entry is not available where it would operate to deprive a party of a substantial right, such as the right to file a motion for a new trial, or to prosecute an appeal. Id. In order to preserve a party's right to further review, the date upon which the judgment is actually filed will control. Id. citingPorter Exr. v. Lerch (1934), 129 Ohio St. 47, at paragraph five of the syllabus.
 {¶ 13} Using the November 15, 2005 filing date of the nunc pro tunc entry, December 15, 2005 was the last date that Hall could file a direct appeal of his conviction and sentence. Therefore, in order to be timely, he had to file his petition for postconviction relief no later than 180 days after November 15, 2005, i.e. by June 13, 2006. Because Hall did not file his petition until July 21, 2006, his petition was not timely. Hall implicitly acknowledges that his petition is not timely by titling his petition "Petition for Post Conviction Relief Pursuant to Ohio Revised Code § 2953.23(A)(1)(a)[,]" and arguing that Foster created a new federal or state right that applies retroactively to individuals in his situation. *Page 7 
 {¶ 14} In Foster, the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster, supra, at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, theFoster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Foster at ¶ 106.
 {¶ 15} Hall's case was not on direct review when the Ohio Supreme Court decided Foster. His conviction and sentence became final when the time for filing his direct appeal lapsed. Because the United States Supreme Court's decisions in Apprendi, Blakely, Booker, and their subsequent Ohio counterpart, Foster, did not create any new constitutional rights that apply retroactively to cases that were not on direct review, they cannot satisfy the first condition of R.C.2953.23(A) (1 ). State v. *Page 8 Barney, Meigs App. No. 05CA11, 2006-Ohio-4676, at ¶ 8-¶ 11. Thus, Hall failed to satisfy the first condition of R.C. 2953.23(A)(1).
 {¶ 16} Even if we were to assume, arguendo, that Hall satisfied the first condition of R.C. 2953.23(A)(1), he cannot satisfy the requirements of R.C. 2953.23(A)(1)(b) because: (1 ) he does not allege that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the convicted offenses; and (2) R.C.2953.23(A)(1)(b) limits the delayed review of sentencing errors to those involving death sentences, and the trial court did not sentence Hall to death. State v. Wilson, Lawrence App. No. 05CA22, 2006-Ohio-2049, at ¶ 15, citing State v. Barkley, Summit App. No. 22351, 2005-Ohio-1268. Therefore, Hall failed to satisfy the statutory requirements for filing a delayed petition for postconviction relief and the trial court lacked jurisdiction to consider the merits of his petition. Accordingly, the August 30, 2006 judgment entry is a nullity.
 {¶ 17} Because the judgment underlying this appeal is void for lack of subject matter jurisdiction, we vacate it and decline to address the merits of Hall's assignment of error.
 JUDGMENT VACATED AND APPEAL DISMISSED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the August 30, 2006 JUDGMENT BE VACATED AND THE APPEAL DISMISSED, and that costs herein be taxed to Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFARLAND, P.J. and ABELE, J.: Concur in Judgment and Opinion.
[1] Moreover, it its unlikely that Hall could have directly appealed his sentence because R.C. 2953.08(D) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *Page 1