[Cite as *State v. Williams*, 2012-Ohio-3401.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 11CA25 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| TIMOTHY T. WILLIAMS, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: July 24, 2012 |

APPEARANCES:

Warren N. Morford, Jr., South Point, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and Robert C. Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for Appellee.

Kline, J.:

{¶1}   Timothy T. Williams (hereinafter "Williams") appeals the judgment of the Lawrence County Court of Common Pleas, which resentenced him to eight years in prison.  But here, the trial court did not have the authority to resentence Williams.  Accordingly, the trial court's November 10, 2011 judgment entry of conviction is void, and we must vacate it.

I.

{¶2}   A Lawrence County Grand Jury returned a five-count indictment against Williams: aggravated trafficking in drugs (Count 1); aggravated trafficking in drugs (Count 2); aggravated trafficking in drugs (Count 3); aggravated possession of drugs

(Count 4); and aggravated possession of drugs (Count 5).  Eventually, Williams pled guilty to all five counts.

{¶3}    The trial court sentenced Williams to four years in prison for Count 1, eight years in prison for Count 2, 12 months in prison for Count 3, eight years in prison for Count 4, and 12 months in prison for Count 5.  In its November 4, 2010 judgment entry of conviction, the trial court stated the following: "The sentences as imposed against the Defendant hereinabove shall be served concurrently with each other.  Thus, Defendant is Ordered to serve a total of eight (8) years in the appropriate state penal institution."

{¶4}    Williams did not appeal from the November 4, 2010 judgment entry of conviction.

{¶5}    On August 30, 2011, Williams filed a Petition to Vacate and Set Aside Sentence Pursuant to O.R.C. 2953.23.  Williams raised various arguments in his petition, including an argument that the trial court failed to merge allied offenses of similar import.  The state "agree[d] with Mr. Williams' contention that Counts Two and Four of the indictment were allied offenses of similar import that required the State to make an election as to which count sentence should be imposed upon the Defendant." Memorandum Contra to Defendant's Petition to Vacate and Set Aside Sentence at 1. As a result, the trial court scheduled a resentencing hearing for Williams.

{¶6}    Before his resentencing, Williams argued that all of his offenses should merge.  The trial court, however, decided that "Counts Two and Four are merged and Counts Three and Five are merged, with the State of Ohio to elect which is to be sentenced upon."  October 21, 2011 Judgment Entry.

{¶7} On October 26, 2011, the trial court resentenced Williams. Then, on November 10, 2011, the trial court filed a new judgment entry of conviction. Even under the November 10, 2011 judgment entry, Williams received a total of eight years in prison.

II.

{¶8} Although Williams has appealed his resentencing, Williams's appellate counsel has filed both (1) a motion to withdraw and (2) a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Because the trial court's November 10, 2011 judgment entry is void, the procedures outlined in *Anders* do not apply to the present case. *See generally State v. Keller*, 4th Dist. No. 10CA39, 2012-Ohio-237, ¶ 4-5 (outlining the procedures appellate courts must follow under *Anders*). Nevertheless, Williams's counsel has raised the following potential assignments of error: I. "The appellant, Timothy T. Williams, may assert that the trial court erred, to his material prejudice, by improperly applying the doctrine of merger at the time of resentencing. He might also argue that because he was a first time offender, and because his co-defendant received a lesser sentence, he should have received a lesser penalty." And II. "The appellant, Timothy T. Williams, may assert as an assignment of error a claim of ineffective assistance of counsel."

{¶9} Williams has filed a pro se brief in support of these potential assignments of error.

II.

{¶10} For the following reasons, we find that the trial court did not have jurisdiction to either (1) entertain Williams's petition for postconviction relief or (2) modify

Williams's November 4, 2010 judgment entry of conviction. Therefore, the trial court's November 10, 2011 judgment entry is void and must be vacated.

A.

{¶11} First, "[a] court has no jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner makes the showings required by R.C. 2953.23(A)." *State v. Hall*, 4th Dist. No. 06CA17, 2007-Ohio-947, ¶ 10; *accord State v. Bryant*, 7th Dist. No. 04-MA-109, 2005-Ohio-5054, ¶ 22; *State v. Halliwell*, 134 Ohio App.3d 730, 734, 732 N.E.2d 405 (8th Dist.1999). R.C. 2953.21(A)(2) provides the following: "If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." And here, Williams filed his petition for postconviction relief on August 30, 2011, which was well beyond the 180-day time limit.

{¶12} Because Williams's petition was untimely, he had to meet the requirements of either R.C. 2953.23(A)(1) or 2953.23(A)(2).

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon

which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear

and convincing evidence, actual innocence of that felony

offense or, if the person was sentenced to death, establish,

by clear and convincing evidence, actual innocence of the

aggravating circumstance or circumstances the person was

found guilty of committing and that is or are the basis of that

sentence of death.  R.C. 2953.23(A).

**{¶13}**  Here, Williams did not even attempt to satisfy either R.C. 2953.23(A)(1) or

2953.23(A)(2).  Rather, he filed a standard petition that completely ignores the

requirements of R.C. 2953.23.  Williams's petition essentially claims (1) that his guilty

pleas were not knowing, intelligent, and voluntary; (2) that Williams received ineffective

assistance of counsel; and (3) that the trial court should have merged Williams's various

offenses.  These claims do not satisfy either R.C. 2953.23(A)(1) or 2953.23(A)(2).

Therefore, the trial court did not have jurisdiction to entertain Williams's petition for

postconviction relief, and the trial court did not have the authority to resentence Williams

under the postconviction-relief statute.  *See Hall* at ¶ 16.

B.

**{¶14}**  Furthermore, the trial court did not have the inherent authority to modify

Williams's November 4, 2010 judgment entry of conviction.  "[A] trial court lacks the

authority to reconsider its own valid, final judgment in a criminal case, with two

exceptions: (1) when a void sentence has been imposed and (2) when the judgment

contains a clerical error."  *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940

N.E.2d 924, ¶ 14; *see also See State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553,

961 N.E.2d 671, ¶ 1.  The present case, however, does not involve the correction of a

clerical error, and Williams's November 4, 2010 judgment entry of conviction is not void. *See State v. Miller*, 4th Dist. No. 11CA14, 2012-Ohio-1922, ¶ 6 (finding that the failure to merge allied offenses of similar import renders a judgment voidable, not void). Rather, the trial court reconsidered its own valid final judgment by merging allied offenses of similar import and resentencing Williams. Because the trial court lacked jurisdiction to do this, the November 10, 2011 judgment entry is void. *See State v. Franklin*, 4th Dist. No. 09CA7, 2009-Ohio-6831, ¶ 10; *State v. Martin*, 9th Dist. No. 10CA0007, 2010-Ohio-5394, ¶ 12.

C.

**{¶15}** In conclusion, we find the following: Williams's petition for postconviction relief was untimely and did not meet the requirements of either R.C. 2953.23(A)(1) or 2953.23(A)(2). Therefore, the trial court did not have the authority to resentence Williams under the postconviction-relief statute. Furthermore, the trial court did not have the inherent authority to modify the November 4, 2010 judgment entry of conviction. As a result, the trial court's November 10, 2011 judgment entry is void.

**{¶16}** We have the authority to vacate a void judgment. *Hall*, 2007-Ohio-947, ¶ 11; *State v. Horne*, 9th Dist. No. 24691, 2009-Ohio-6283, ¶ 9. Accordingly, we vacate the November 10, 2011 judgment entry. The November 4, 2010 judgment entry of conviction remains valid. *See Martin* at ¶ 13.

**JUDGMENT VACATED.**

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT BE VACATED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
       Roger L. Kline, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**