[Cite as *State v. Williams*, 2013-Ohio-2989.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA22 |
| vs. | : | |
| TIMOTHY T. WILLIAMS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |
| | : | |

_____

APPEARANCES:

APPELLANT PRO SE:     Timothy T. Williams, #638-889, P.O. Box 5500, Chillicothe, Ohio
                                  45601, Pro Se

COUNSEL FOR APPELLEE:     J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                                          and Robert C. Anderson, Lawrence County Assistant
                                          Prosecuting Attorney, Lawrence County Courthouse, One
                                          Veterans Square, Ironton, Ohio 45638

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-27-13
ABELE, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment that

overruled a "motion to vacate" filed by Timothy T. Williams, defendant below and appellant

herein.   Appellant assigns the following errors for review:[1]:

FIRST ASSIGNMENT OF ERROR:

"INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ON

---

[1] Appellant's brief does not contain a separate statement of the assignments of error as App.R. 16(A)(3) requires. Thus, we take these assignments of error from scattered portions of his argument.

NOVEMBER 4, 2010."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT TREATING THE FIVE OFFENSES AS ALLIED OFFENSES OF SIMILAR IMPORT."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING THE APPELLANT [sic] MOTION TO VACATE, R.C. 2953.21 FILED ON SEPT. 5, 2012."

FOURTH ASSIGNMENT OF ERROR:

"APPELLANT [sic] MOTION TO VACATE R.C. 2953.21 WAS FACIALLY VALID, PURSUANT TO R.C. 2953.23(A)(1)(2), [sic] AND THE MARCH 21, 2012 [sic] OF THE U.S. SUPREME COURT DECISION, MISSOURI -v- FRYE, 132 S. Ct. 1399."

{¶ 2} In 2010, appellant pled guilty, and was convicted, of three counts of aggravated drug trafficking and two counts of aggravated possession of drugs. Appellant received a cumulative eight year sentence. No appeal was taken from that judgment.

{¶ 3} In 2011, appellant filed a motion to vacate sentence and asserted various arguments including, inter alia, that some of the five charges are allied offenses of similar import and should have merged for purposes of sentencing. The appellee agreed and the trial court ultimately ruled that counts two and four of the indictment merged, as well as counts three and five. The trial court issued a new entry to that effect on November 10, 2011, but nevertheless imposed an eight year cumulative total of imprisonment.

{¶ 4} We vacated that judgment in State v. Williams, 4th Dist. No. 11CA25, 2012-Ohio-3401 (*Williams I*), for two reasons. First, the motion to vacate was, in fact, a petition

for postconviction relief and was required to be filed no later than one hundred eighty days after his conviction. It was not. Furthermore, appellant also failed to satisfy the criteria for late filing under either R.C. 2953.23(A)(1) or R.C. 2953.23(A)(2). *Williams I*, at ¶¶11-13. Second, we held that the trial court lacked jurisdiction to modify its own judgment under the circumstances of the case. Id. at ¶¶10&14.

{¶ 5} On September 5, 2012, less than two months after our decision in that case, appellant filed the present "motion to vacate" (or petition for postconviction relief). This time, appellant argued that he should be allowed to file out of rule pursuant to 2953.23(A)(1) because (1) he was "unavoidably prevented from discovery of the facts" necessary to present his claim, and (2) the United States Supreme Court, in 2012, created a new federal right that applied to him retrospectively.

{¶ 6} Eight days later, on September 13, 2012, the trial court overruled the motion. The court reasoned that our decision in *Williams I* is "dispositive" of the issues raised in appellant's motion. This appeal followed.

I

{¶ 7} We jointly consider appellant's first two assignments of error because they relate to the alleged problems with his original conviction. As noted earlier, however, appellant did not appeal his original conviction. His claims of ineffective assistance of trial counsel and plain error could have been, and should have been, raised in a first appeal of right. The doctrine of res judicata now bars appellant from raising them at this stage of the proceeding. *State v. Lofton*, 4th

Dist. No. 12CA21, 2013-Ohio-1121, at ¶8; *State v. Beach*, 4th Dist. No. 11CA4,

2012–Ohio–1630, at ¶5, fn. 2; *State v. Evans*, 4th Dist. No. 09CA20, 2010–Ohio–5838, at ¶12.

**{¶ 8}**    Thus, we overrule appellant's first and second assignments of error for this

reason.

II

**{¶ 9}**    We jointly consider appellant's third and fourth assignments of error because they

address the issue of whether the trial court correctly overruled his petition for postconviction

relief.   We conclude that it did.

**{¶ 10}**  As we noted in *Williams I*, appellant filed his petition out of rule.   Consequently,

appellant has to satisfy either R.C. 2953.23(A)(1) or R.C. 2953.23(A)(2) before the trial court

could consider it on the merits.   2012-Ohio-3401, at ¶12.   Further, we noted that appellant "did

not even attempt to satisfy" either of those two statutes. Id. at ¶13.   This time, appellant

apparently made an attempt, even if the attempt fell far short of what is required.

**{¶ 11}**  Appellant's petition argued that he should have been permitted to file out of rule

on the basis of R.C. 2953.23(A)(1).   That statute states in pertinent part:

> "(A) Whether a hearing is or is not held on a petition filed pursuant to section
> 2953.21 of the Revised Code, a court may not entertain a petition filed after the
> expiration of the period prescribed in division (A) of that section or a second
> petition or successive petitions for similar relief on behalf of a petitioner unless
> division (A)(1) or (2) of this section applies:

> (1) Both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from
> discovery of the facts upon which the petitioner must rely to present the claim for
> relief, or, subsequent to the period prescribed in division (A)(2) of section
> 2953.21 of the Revised Code or to the filing of an earlier petition, the United
> States Supreme Court recognized a new federal or state right that applies

retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

**{¶ 12}** At the outset, we note that appellant had to satisfy both (A)(1)(a) and (A)(1)(b). Our review of the petition's "Extension of Time Requirement" portion reveals no argument that but for constitutional error at trial, no reasonable factfinder would have found him guilty. Thus, his petition fails on that basis alone.

**{¶ 13}** In addition, appellant's "Extension of Time Requirement" alleges that he "was unavoidably prevented from discovery of the facts" upon which he relies to make his claim. However, appellant fails to explain (1) what, precisely, those facts are, and (2) why, exactly, he was unavoidably prevented from discovering them. We emphasize that the language of R.C. 2953.23(A)(1) is not mere "magic words" to simply be included or recited in petitions for postconviction relief to avoid the time limit. It is, instead, a list of procedural hurdles that must be overcome to file for postconviction relief out of rule.

**{¶ 14}** Finally, appellant also cites *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), as creating a new federal Constitutional right that applies retrospectively. Appellant's reliance on this case is misplaced, however. First, the "right" in that case involved is the right to effective assistance of trial counsel. This is not a new right, but, rather, one that state and federal courts have recognized for decades.

**{¶ 15}** Second, the circumstances at issue in *Frye* concerned defense counsel's failure to

communicate plea offers to the appellant before the offers expired.   Justice Kennedy, writing for the majority, stated "[t]his Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S.Ct. at 1408.

{¶ 16}  In the case at bar, nowhere in the "Extension of Time Requirement" set out in his petition does appellant assert that his defense counsel failed to communicate to him a plea offer. To the contrary, the November 4, 2010 hearing transcript shows that trial counsel agreed that the State's sentencing recommendations "accurately portrays the plea negotiations."   Here, the gist of both postconviction motions is that appellant is unhappy with the plea agreement. Accordingly, *Frye* does not support appellant's arguments.[2]   Generally, a ruling on a postconviction relief motion should not be reversed absent an abuse of a trial court's discretion. See *State v. Fisk*, 4th Dist. No. 11CA4, 2011-Ohio-6116, at ¶6; *State v. Hicks*, 4th Dist. No. 09CA15, 2010-Ohio-89, at ¶11.   An abuse of discretion is more than an error of law or judgment; rather, it implies that a court's attitude is unreasonable, arbitrary or unconscionable. See *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990).

{¶ 17}  For all of these reasons, we find no merit to appellant's third and fourth assignments of error and they, too, are hereby overruled.   Consequently, we find no error, nor an abuse of discretion, in the trial court's decision to overrule appellant's   motion.   Accordingly,

---

[2]  Even assuming, arguendo, that counsel had failed to relay a plea offer to appellant, at least one Ohio appellate district has concluded that *Missouri v. Frye* does not create a new retrospective right for purposes of R.C. 2953.23(A)(1). See *State v. Hicks*, 8th Dist. No. 99119, 2013-Ohio-1904, at ¶14

we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Williams*, 2013-Ohio-2989.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment & Opinion
McFarland, P.J.: Concurs in Judgment Only

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.