[Cite as *State v. Fisk*, 2011-Ohio-6116.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 11CA4

    vs. :

SHANDI R. FISK, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

APPELLANT PRO SE:     Shandi R. Fisk, #78804, 1479 Collins Avenue, Marysville, Ohio 43040, Pro Se

COUNSEL FOR APPELLEE:     James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, 205 Putnam Street, Marietta, Ohio 45631

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-21-11

ABELE, J.

{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment that overruled a "motion to vacate or correct illegal sentence." Shandi R. Fisk, defendant below and appellant herein, previously pled guilty to two counts of drug trafficking in violation of R.C. 2925.03(A)(1). Appellant assigns the following errors for review:

    FIRST ASSIGNMENT OF ERROR:

    "WHETHER APPELLANT IS THE VICTIM OF A VINDICTIVE PROSECUTION?"

SECOND ASSIGNMENT OF ERROR:

"WHETHER THE COURT BELOW WAS JUSTIFIED IN
ALLOWING UNSUBSTANTIATED TESTIMONY?"

THIRD ASSIGNMENT OF ERROR:

"WHETHER A VIOLATION OF DOUBLE JEOPARDY
OCCURRED?"

FOURTH ASSIGNMENT OF ERROR:

"WHETHER APPELLANT['·]S SENTENCE IS THE RESULT
OF UNSUPPORTED EVIDENCE INTRODUCE [sic] BY THE
PROSECUTOR?"

FIFTH ASSIGNMENT OF ERROR:

"WHETHER APPELLANT['·]S COUNSEL WAS SO
INEFFECTIVE THAT IT INCREASED THE SENTENCE
LONGER THAN NECESSARY?"

SIXTH ASSIGNMENT OF ERROR:

"WHETHER THE COURT BELOW WAS PARTIAL, IN
FAVOR OF THE PROSECUTION?"

**{¶ 2}** In May 2010, appellant pled guilty to the aforementioned charges and was sentenced to serve twenty-five months in prison. Appellant did not appeal that final judgment, but on December 15, 2010 filed a "Motion to Vacate or Correct an Illegal Sentence." In her motion appellant argued that she received ineffective assistance from trial counsel and was the victim of "vindictive prosecution," "unsubstantiated testimony" and "prejudicial sentence enhancement." Appellant further asserted that "double jeopardy" barred her conviction.

**{¶ 3}** After appellee filed its memorandum in opposition, the trial court denied appellant's motion without a hearing. This appeal followed.

{¶ 4}   We jointly consider appellant's six assignments of error because they all address issues that appellant could have, and should have, raised in a direct appeal of her conviction. Accordingly, because she did not take a direct appeal of her conviction, the doctrine of res judicata now bars her from raising these issues.   State v. Pemberton, Gallia App. No. 10CA4, 2011-Ohio-373, at ¶2; State v. Damron, Ross App. No. 10CA3158, 2010-Ohio-6459, at ¶3. Consequently, the only issue properly before us is whether the trial court erred by overruling appellant's motion without conducting a hearing.

{¶ 5}   In the case sub judice, the trial court treated appellant's motion as a petition for postconviction relief in view of the fact that her motion raised various constitutional issues. See State v. Reynolds (1997), 79 Ohio St.3d 158, 160, 679 N.E.2d 1131.   The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the Constitutions of the United States or Ohio.   R.C. 2953.21(A)(1)[.]   State v. Bradford, Ross App. No. 08CA3053, 2009-Ohio-1864, at ¶7, citing State v. Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10.   To prevail, a petitioner must establish an infringement or deprivation of constitutional rights.   See R.C. 2953.21(A)(1); State v. Calhoun, 86 Ohio St.3d 279, 283, 714 N.E.2d 905, 1999-Ohio-102.

{¶ 6}   A defendant who seeks to challenge a conviction through a petition for postconviction relief is not, however, automatically entitled to a hearing.   See State v. Cole (1982), 2 Ohio St.3d 112, 113, 443 N.E.2d 169; State ex rel Jackson v. McMonagle, 67 Ohio St.3d 450, 451, 619 N.E.2d 1017, 1993-Ohio-143.   Before a court grants a hearing on a petition, the court must determine whether substantive grounds for relief exist.   See, generally, State v. Jackson (1980), 64 Ohio St.2d 107, 111, 413 N.E.2d 2d 819; State v. Apanovitch (1995), 107

Ohio App.3d 82, 98, 667 N.E.2d 1041.   State v. Wright, Washington App. No. 06CA18, 2006-Ohio-7100, at ¶20.   Generally, an appellate court will review a trial court's judgment that dismissed a postconviction relief petition without a hearing for an abuse of discretion.   State v. Hicks, Highland App. No. 09CA15, 2010-Ohio-89, at ¶11.   An abuse of discretion is more than an error of judgment, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."   Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 7}   Although the trial court in the case sub judice did not rely on res judicata as a reason to deny appellant's petition, we believe that the doctrine is applicable.   Appellant's motion raises no issue that could not have been raised during an appeal of her conviction and sentence.   Moreover, even if appellant's arguments were not barred by res judicata, she has not set forth a plausible claim of entitlement to postconviction relief.   Appellant's guilty plea constitutes a complete admission of her guilt. Crim.R. 11(B)(1).   Thus, appellant's claims concerning unsubstantiated testimony and evidence, as well as vindictive prosecution, are not well taken.   Furthermore, her argument that she received ineffective assistance of counsel is grounded in her assertion that trial counsel did not seek corroboration of all of the evidence and allegations against her.   This, too, is not well taken because her guilty plea admitted that the evidence existed.   Nothing more is required for a conviction.

{¶ 8}   As to appellant's claim that her sentence was enhanced because the trial court was prejudiced, she cites nothing from the sentencing hearing transcript to support her argument, except a trial court reference to her crimes being part of a pattern of criminal activity.   This, however, is a factor that the trial court is required to determine for purposes of felony sentencing.   See R.C. 2929.12(B)(7).   Appellant also admits, both in her brief and in her reply brief, that her

"double jeopardy" argument lacks merit.   Thus, we find nothing in appellant's motion that sets out a cognizable claim for postconviction relief and we find no error in the trial court's decision to deny her such relief without a hearing.

**{¶ 9}**   For these reasons, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:＿＿＿＿＿＿＿＿＿＿
Peter B. Abele, Judge


## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.