[Cite as *State v. Literal*, 2012-Ohio-6298.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3479 |
| | : | |
| vs. | : | **RELEASED 12/26/12** |
| | : | |
| TIMOTHY LITERAL, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES:</u>

Timothy Literal, Lima, Ohio, Appellant, pro se.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Matthew A. Wisecup, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant, Timothy Literal, appeals the trial court's denial of his "Petition to Vacate Judgment of Conviction or Sentence." In 2007, a jury found Appellant guilty of robbery, aggravated robbery, possession of drugs and trafficking in drugs. Appellant filed a direct appeal of his convictions and sentences, which we determined in State v. Literal, 4ᵗʰ Dist. No. 07CA3207, 2009-Ohio-199. In his current appeal, Appellant contends that the trial court erred by overruling his petition to correct his illegal sentence, in which he claimed that the offenses of aggravated robbery and possession

of drugs were allied offenses of similar import, which should have merged

pursuant to R.C. 2941.25, as well under *State v. Johnson*, 128 Ohio St.3d

153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶2} However, because Appellant could have, but failed to raise this

argument as part of his original direct appeal, his argument is barred by the

doctrine of res judicata.  Further, although a void sentence is subject to

challenge at any time, even if Appellant's argument was meritorious, his

convictions would simply be rendered voidable, not void.  Accordingly, the

decision of the trial court is affirmed.

                                                    FACTS

{¶3} In 2007, a jury found Appellant guilty of robbery, aggravated

robbery, possession of drugs and trafficking in drugs.  As part of his direct

appeal, this Court vacated his conviction for trafficking in drugs, but

affirmed all other aspects of his convictions and sentences.  Since that time,

Appellant has filed a series of post conviction motions, his most recent being

his February 21, 2012, Petition to Vacate Judgment of Conviction and

Sentence.  Appellant raised only one claim in his petition, the claim being

that aggravated robbery and possession of drugs are allied offenses of

similar import and that his convictions should have been merged for

purposes of sentencing.  Appellant cited the recent holding of the Supreme

Court of Ohio in *State v. Johnson*, supra, in support of his argument. The trial court denied the petition as untimely on March 9, 2012. It is from this judgment entry that Appellant now brings his current appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED BY OVERRULING THE APPELLANT'S PETITION TO CORRECT ILLEGAL SENTENCE THAT IS BEING MAINTAINED IN VIOLATION OF HIS FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES, AND SIMILAR PROVISIONS OF THE OHIO CONSTITUTIONS."

LEGAL ANALYSIS

**{¶4}** In his sole assignment of error, Appellant contends that the trial court erred in overruling his petition to correct illegal sentence. As set forth above, Appellant contends that aggravated robbery and possession of drugs are allied offenses of similar import which should have been merged, and that the trial court erred in denying his petition to vacate his judgment of conviction or sentence. As such, Appellant claims that his sentence is void, can be challenged at any time, and is not barred by the principles of res judicata.

**{¶5}** " 'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court

that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.' " (Internal citation omitted.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Typically, "sentencing errors are not jurisdictional and do not render a judgment void." Id. at ¶ 7. However, "a sentence that is not in accordance with statutorily mandated terms is void." Id. at ¶ 8. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." Id. at paragraph one of the syllabus.

{¶6} In contrast, arguments challenging the imposition of a voidable sentence are barred by the doctrine of res judicata if not raised on a direct appeal. See *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30. The doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal. *In re B.C.S.*, 4th Dist. No. 07CA60, 2008-Ohio-5771, ¶ 14. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a

defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶7} Here, Appellant's argument that the trial court should have merged his convictions under R.C. 2941.25, even if meritorious,[1] would only render the judgment voidable, not void. *State v. Miller*, 4th Dist. No. 11CA14, 2012-Ohio-1922, ¶ 6; citing *State v. Cioffi*, 11th Dist. Nos. 2011-T-0072 & 2011-T-0073, 2012-Ohio-299, ¶¶ 13–14; *State v. Britta*, 11th Dist. No. 2011-L-041, 2011-Ohio-6096, ¶ 17; See *State ex rel. Martin v. Russo*, 130 Ohio St.3d 269, 2011-Ohio-5516, 957 N.E.2d 769 (holding that defendant's claims of sentencing error via writ of mandamus, including allied-offense claim, barred by res judicata). As in *Miller*, because Appellant failed to raise his allied offenses argument on direct appeal, that issue has become res judicata and he cannot challenge his sentence on that basis collaterally through a petition to vacate his judgment of conviction or sentence. *Miller* at ¶ 6.

{¶8} Thus, we cannot conclude that the trial court erred in denying Appellant's petition. This is true despite the fact that the trial court's denial

---

[1] We take this opportunity to note that even if we were to address Appellant's allied offenses argument on the merits, the reasoning of the Supreme Court of Ohio in *State v. Johnson*, supra, would not impact our analysis. "A new judicial ruling may be applied only to cases that are pending on the announcement date. *State v. Evans* (1972), 32 Ohio St.2d 185, 186, 61 O.O.2d 422, 291 N.E.2d 466. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. Id." *State v. Layne*, 4th Dist. No. 11CA17, 2012-Ohio-1627, ¶ 10 (internal citations omitted). Appellant's case was not pending on direct review at the time *State v. Johnson* was released. As such, it has no applicability to Appellant's convictions or sentences.

of the petition was based upon the reasoning that it was untimely filed, as opposed to being barred by res judicata principles. Id. at ¶ 6; citing *Captain v. United Ohio Ins. Co.*, 4th Dist. No. 09CA14, 2010-Ohio-2691, ¶ 33; quoting *State v. Sebastian*, 4th Dist. No. 08CA19, 2009-Ohio-3117, at ¶ 25 (" '[W]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.' "). Accordingly, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

Kline, J., concurring.

{¶9} I respectfully concur in judgment only because I conclude that the Appellant's petition was not timely filed. See R.C. 2953.21(A)(2) and R.C. 2953.23(A).

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only with Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**