[Cite as *State v. Keeley*, 2013-Ohio-474.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :       Case No.   12CA15

    vs.                              :

DAVID KEELEY,                           :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.             :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        David Keeley, #647623, Belmont Correctional Inst., P.O.
                              Box 540, St. Clairesville, Ohio 43950, Pro Se

COUNSEL FOR APPELLEE:         James E. Schneider, Washington County Prosecuting
                              Attorney, and Alison L. Cauthorn, Washington County
                              Assistant Prosecuting Attorney, 205 Putnam Street,
                              Marietta, Ohio 45750

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-5-13
ABELE, J.

{¶ 1}   This is an appeal from a Washington County Common Pleas Court judgment that

denied a petition "to vacate or set aside Judgment of Conviction or Sentence" filed by David

Keeley, petitioner below and appellant herein.   Appellant assigns the following errors for

review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT VIOLATED THE APPELLANT'S
> RIGHTS WITH IT'S [sic] BLANKET DENIAL OF 'RES
> JUDICATA' ON HIS POST-CONVICTION RELIEF PETITION
> (R.C. 2953.21) FOR ASSIGNMENTS OF ERROR 1, 2, 7, 8, 9,

10, 12, 13 AND 15 WHICH COVERED VIOLATIONS OF THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED THE APPELLANTS [sic] RIGHTS WITH IT'S [sic] BLANKET DENIAL OF 'NOT SUPPORTED BY EVIDENCE' ON HIS POST-CONVICTION RELIEF PETITION (R.C. 2953.21) FOR ASSIGNMENTS OF ERROR 3, 4, 5, 6, 11 AND 14 WHICH COVERED VIOLATIONS OF THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED THE APPELLANTS [sic] RIGHTS WHEN IT GRANTED 'SUMMARY JUDGMENT' IN THE STATES [sic] FAVOR."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED THE APPELLANTS [sic] RIGHTS WHEN IT DENIED THE APPELLANTS [sic] POST-CONVICTION RELIEF PETITION WITHOUT FILING FINDINGS OF FACT AND CONCLUSIONS OF LAW."

{¶ 2}   In 2011, a jury found appellant guilty of (1) two counts of rape in violation of R.C. 2902.02(A)(1)(c)&(B), and (2) three counts of gross sexual imposition in violation of R.C. 2907.05(A)(5)&(B).   The trial court sentenced appellant to serve an aggregate term of seven years in prison.   On December 5, 2011, while appellant's first appeal of right was pending in this Court, he filed the instant petition for postconviction relief in the trial court.

{¶ 3}   Subsequently, the prosecution requested summary judgment pursuant to R.C. 2953.21(D).   The trial court granted the State's motion.   Six months later, on August 12, 2012, we affirmed appellant's conviction.   See *State v. Keeley*, Washington App. No. 11CA5,

2012-Ohio-3564 (*Keeley I*).   This appeal followed.[1]

I

**{¶ 4}**   We first consider, out of order, appellant's fourth assignment of error wherein he claims that the trial court erred by denying his petition without making findings of fact and conclusions of law.   This claim is meritless.   The trial court's February 27, 2012 judgment that denied appellant's petition contains six full pages of findings of fact and conclusions of law and, thus, sufficiently complies with the statutory requirements.

**{¶ 5}**   Consequently, we hereby overrule appellant's fourth assignment of error.

II

**{¶ 6}**   In his first assignment of error, appellant argues that the trial court erred by applying the doctrine of res judicata to deny a number of his claims.   As the trial court aptly noted, a defendant seeking postconviction relief may not raise in the petition any issue that could have been raised, but was not, in the first appeal of right.   See *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996) at the syllabus.   Here, although the trial court's pronouncement of the law on this principle is absolutely correct, it is important to note that the Ohio Supreme Court's ruling is phrased in the past tense. See id. at the syllabus.   In the case at bar, the trial court ruled on appellant's petition on February 27, 2012.   We, however, did not decide appellant's first appeal of right until August 12, 2012.   Although appellant had filed his brief at the time that the trial court ruled on his postconviction relief petition (and none of the issues that the trial court determined to have been barred by res judicata appear to have been raised in the

---

[1]   Even though appellant's first appeal of right was pending, Ohio trial courts have jurisdiction to consider postconviction relief petitions. R.C. 2953.21(C); also see *State v. Gamble*, 1st Dist. No. C−110719, 2012-Ohio-4045, at ¶¶4-5.

petition), it is conceivable that such issues could have been raised sometime during the ensuing six months.

**{¶ 7}** This is an unusual situation and we have found no precedent to determine whether res judicata may be invoked during postconviction proceedings when the first appeal of right is pending. We believe, for the following reasons, that the answer to that question is in the negative. First, as noted above, the *Szefcyk* syllabus is phrased in past tense and, thus, suggests that res judicata may be invoked after the first appeal of right has been determined. 77 Ohio St.3d 93, at the syllabus. This is consistent with decisions that have applied the doctrine after the first appeal of right was concluded, or when no appeal was taken. See, e.g., *State v. Slagle*, 4th Dist. No. 11CA22, 2012-Ohio-1936, at ¶¶7&24; *State v. Beach*, 4th Dist. No. 11CA4, 2012-Ohio-1630, at ¶¶2&6.

**{¶ 8}** Second, and more important, invoking the doctrine of res judicata while a first appeal of right is pending renders R.C. 2953.21(C) meaningless. The Ohio General Assembly instructed trial courts that they could consider the merits of such petitions even while an appeal is pending. However, to allow the application of res judicata at that stage of an appeal means that a trial court could always avoid ruling on the petition's merits as long as no decision had been rendered on the appeal.

**{¶ 9}** We readily acknowledge that rulings on motions for postconviction relief should not be reversed absent an abuse of a trial court's discretion. See *State v. Fisk*, 4th Dist. No. 11CA4, 2011-Ohio-6116, at ¶6; *State v. Hicks*, 4th Dist. No. 09CA15, 2010–Ohio–89, at ¶11. We further emphasize that an abuse of discretion is more than an error of law or judgment; rather, an abuse of discretion implies that a court's attitude is unreasonable, arbitrary or

unconscionable. See *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990).   Under this standard, appellate courts must not substitute their judgment for that of the trial court.   See *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 10}  We do not necessarily fault the trial court in view of the unusual posture and nature of this case.   We believe, however, that the court may have mistakenly believed that it was confined to the doctrine of res judicata when it decided this case when, in fact, the doctrine did not apply in view of the timing of the petition and the first appeal of right.   Therefore, we believe that the interests of justice are best served by remanding these claims to the trial court for further consideration in light of the fact that the doctrine of res judicata did not apply at the time the trial court entered its judgment.

{¶ 11}  Accordingly, to this limited extent we hereby sustain appellant's first assignment of error.[2]

### III

{¶ 12}  Appellant argues in his second assignment of error that the trial court erred by dismissing the other claims set forth in his petition due to the lack of evidentiary support.   R.C. 2953.21(C) indicates that postconviction relief will be granted when a petitioner shows "substantive grounds for relief."   In determining whether a petitioner has established such

---

[2]  This decision should not be misconstrued as a comment on the substantive merits of appellant's arguments, or the question of whether on remand the trial court may apply res judicata.    We simply hold that the doctrine was not available to the trial court at that point in the proceedings.

grounds, a trial court must consider affidavits or any supporting evidence filed with the petition. Id.   However, a petitioner is not actually required to file supporting affidavits or other evidence. Rather, the statute specifies that a petitioner "may file a supporting affidavit and other documentary evidence." Id. at (A)(1)(a).   The word "may" connotes that someone is not required to perform an act.   See generally *Rahman v. Ohio Dept. of Transp.*, 10th Dist. No. 05AP-439, 2006-Ohio-3013, at ¶45; *State v. Carson*, 2nd Dist. No. 2002-CA-73, 2003-Ohio-5958, at ¶30.

{¶ 13} We agree that appellant's failure to file supporting evidence does not automatically constitute sufficient grounds to deny the postconviction relief petition.   We also agree the wording in the February 27, 2012 judgment might cause appellant to conclude that the trial court dismissed the claims solely for that reason.[3]   However, our reading of the entry as a whole makes clear that the court's reason for the dismissal is that appellant had not made "sufficient operative allegations" to show entitlement to relief under R.C. 2953.21.   We believe that the trial court is correct on this point.

{¶ 14} At this juncture, we observe that appellant's petition is a very lengthy, rambling catalogue of grievances concerning the manner that his criminal case was prosecuted.   It is, at best, difficult to read or to understand.   Even if we applied a de novo standard of review, we would determine that no error is apparent in the trial court's decision.   Thus, we can find no abuse of discretion.

{¶ 15} For these reasons, we hereby overrule appellant's second assignment of error.

IV

---

[3]   For instance, at one point in the entry the trial court states "Petitioner has submitted no supporting evidence outside the record for any of the claims made [therein are] dismissed."

{¶ 16} Appellant argues in his third assignment of error that the trial court erred by entering summary judgment on his petition.   In light of our previous rulings (to reverse a portion of the trial court's judgment and affirm the other portion), this assignment of error has been rendered moot and will be disregarded.   See App.R. 12(A)(1)(c).

{¶ 17} Accordingly, having partially sustained appellant's first assignment of error, we hereby reverse the trial court's judgment in part, affirm the judgment in part and remand the case to the trial court for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Kline, J., dissenting, in part.

{¶ 2}    I respectfully dissent from the first assignment of error.   In my view, the doctrine of res judicata applies to petitions for postconviction relief, even while a petitioner's direct appeal is pending.   *See, e.g.*, *State v. Perry*, 10 Ohio St.2d 175, 182, 226 N.E.2d 104 (1967); *State v. Wesson*, 9th Dist. No. 25874, 2012-Ohio-4495, ¶ 28 ("Res judicata bars consideration of these issues even though the direct appeal remains pending.").

{¶ 3}    I concur in judgment and opinion with the second and fourth assignments of error, and I would address the merits of the third assignment of error.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed, in part, reversed, in part, and appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J.: Concurs in Judgment & Opinion
Kline, J.: Concurs in Judgment & Opinion as to Assignments of Error II & IV, Dissents with Opinion as to Assignment of Errors I & III

For the Court

BY:_____
Peter B. Abele, Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.