[Cite as *State v. Ringer*, 2013-Ohio-2442.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120606 |
| | | TRIAL NO. B-0010086 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TONY M. RINGER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified, and Cause Remanded

Date of Judgment Entry on Appeal:  June 14, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Tony M. Ringer,* pro se.

Please note:  we have removed this case from the accelerated calendar.

**HILDEBRANDT, Judge**.

{¶1}   Defendant-appellant Tony M. Ringer appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion for Merger Hearing Pursuant to R.C. 2941.25." We affirm the court's judgment as modified. But we remand this case to the common pleas court for the proper imposition of postrelease control.

{¶2}   Ringer was convicted in 2002 upon guilty pleas to two counts of voluntary manslaughter. He took no direct appeal, but, instead, challenged his convictions in a series of postconviction motions. *See State v. Ringer*, 1st Dist. No. C-080590 (May 20, 2009).

{¶3}   In January 2012, Ringer filed his "Motion for Merger Hearing Pursuant to R.C. 2941.25." In his motion, he argued that the trial court could not, consistent with R.C. 2941.25, have sentenced him on both counts of voluntary manslaughter, because the offenses are allied offenses of similar import that were committed with the same conduct. And he contended that his sentences are void to the extent that he had not been adequately notified concerning postrelease control. In this appeal from the overruling of that motion, Ringer advances two assignments of error.

{¶4}   *No jurisdiction to grant allied-offenses claim.* In his first assignment of error, Ringer challenges the common pleas court's denial of, and its failure to conduct an evidentiary hearing on, his allied-offenses claim. The challenge is untenable.

{¶5}   Ringer did not specify in his motion the statute or rule under which he sought postconviction relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, the motion was reviewable as a postconviction petition

2

under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶6}  But Ringer filed his motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction petition:  the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed by R.C. 2953.21(A)(2) or since the filing of his last petition; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

{¶7}  The record before us does not, as it could not, demonstrate that, but for the claimed sentencing error, no reasonable factfinder would have found Ringer guilty of the offenses of which he was convicted.  Thus, because Ringer did not satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional requirements of R.C. 2953.23, the postconviction statutes neither conferred upon the common pleas court jurisdiction to entertain Ringer's postconviction motion, nor imposed upon the court an obligation to conduct an evidentiary hearing on the motion. *See* R.C. 2953.21(C), 2953.21(E), and 2953.21(G); *State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶8}  A court nevertheless has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.  But the Ohio Supreme Court has not held that the imposition of a sentence in violation of R.C. 2941.25 renders a judgment of conviction void. *See State v. Lee*, 1st Dist. No. C-120307, 2013-Ohio-1811, ¶ 8.

{¶9}  We, therefore, hold that the common pleas court properly denied Ringer's allied-offenses claim without a hearing.  Accordingly, we overrule the first assignment of error.

{¶10} *The sentences were void and subject to correction to the extent that postrelease-control notification was inadequate.*  In his second assignment of error, Ringer asserts that his sentences are void to the extent that he was not adequately notified concerning postrelease control.  We agree.

{¶11}  The postrelease-control statutes in effect when Ringer was sentenced required that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation.  *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C. 2929.14[D], 2929.19[B][2][c] through [e], and 2967.28[B] and [C]); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus.  *Accord State v. Smith*, 1st Dist. No. C-120163, 2012-Ohio-5965, ¶ 10-11.  To the extent that postrelease control is not properly imposed, the sentence is void, and the offending portion of the sentence is subject to review and correction at any time, whether in the direct appeal or in a collateral proceeding.  *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27.

{¶12}  At Ringer's sentencing hearing, the trial court provided no postrelease-control notification.  And the notification incorporated in the judgment of conviction simply stated that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervisions of R.C. 2967.28"; it did not specify the

duration or mandatory nature of the postrelease-control supervision, the consequences of violating postrelease control, or the length of confinement that could be imposed for a postrelease-control violation.

{¶13} Thus, to the extent that Ringer's sentences were not imposed in conformity with the statutory mandates concerning postrelease control, the sentences are void, and the offending portions of the sentences are subject to correction. We, therefore, sustain the second assignment of error.

{¶14} *We affirm, but remand for resentencing.* Ringer's allied-offenses claim was subject to dismissal without an evidentiary hearing, because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motion on its merits. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion. And we affirm the judgment as modified.

{¶15} But Ringer's sentences are void to the extent that he was not adequately notified concerning postrelease control. We, therefore, remand this case for correction of the offending portions of his sentences in accordance with the law and this opinion.

Judgment accordingly.

HENDON, P.J., and FISCHER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.