[Cite as *State v. Crum*, 2014-Ohio-2361.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA13 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| ROBERT P. CRUM, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **Released: 05/27/14** |

_____
APPEARANCES:

Robert P. Crum, Chillicothe, Ohio, Pro Se Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and W. Mack Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

McFarland, J.

**{¶1}** This is an appeal from a Lawrence County Court of Common Pleas decision denying Appellant's "Motion for Re-sentencing" by judgment entry dated July 10, 2013. Appellant was convicted at a jury trial on November 29, 2005 of seventeen counts. The first count was burglary, a violation of R.C. 2911.12(A)(2). The remaining counts were counts of

breaking and entering, in violation of R.C. 2911.13(A).[1]  Appellant was

sentenced on December 21, 2005.[2]

{¶2}  Appellant contends the trial court erred in denying his "Motion

for Re-Sentencing" in that: (1) it was an abuse of discretion to overrule the

motion without conducting an evidentiary hearing; and (2) plain error

occurred by the court's failure to merge for sentencing allied offenses of

similar import.  Upon review, we agree Appellant's motion actually

constitutes a petition for post-conviction relief, pursuant to R.C. 2953.23,

and was untimely filed. Further, we find Appellant's arguments raised in the

petition would be barred by the doctrine of res judicata. For these reasons,

the judgment of the Lawrence County Common Pleas Court is reversed.

The trial court's judgment entry overruling Appellant's motion for

resentencing is vacated.  The petition for post-conviction relief should be

dismissed for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

{¶3}  We recount the facts as previously set forth in *State v. Crum,* 4th

Dist. Lawrence No. 07CA3, 2007-Ohio-4924.  The offenses giving rise to

---

[1] Appellant was indicted on 19 counts.  Prior to submission of the case to the jury, counts 10 and 18 were dismissed.

[2] Appellant had filed an Interstate Agreement on Detainer requesting to be transported from the State of Ohio to West Virginia to answer pending charges.  It was agreed that a "hold" would be placed upon him so that Lawrence County, Ohio law enforcement authorities would be notified upon his release from incarceration in West Virginia.  It was not until October 19, 2007 that Appellant was ordered transported to the appropriate Ohio state penal institution to begin serving his sentence in this matter.

the Appellant's convictions occurred at various locations, mostly churches during November and December 2004 in Lawrence County. Appellant was convicted on November 29, 2005 and sentenced on December 21, 2005 for one count of burglary, a second degree felony, and sixteen counts of a nineteen-count indictment for breaking and entering, all fifth degree felonies. His sentence on the seventeen counts totaled twelve years and one month in an Ohio penal institute.

{¶4} Following his convictions, the Appellant filed a motion for a new trial, which the trial court denied. Shortly thereafter, Appellant requested appellate counsel to be appointed so that he could file a notice of appeal with this court. Four separate counsel were appointed to represent him in his appeal. On November 27, 2006, Appellant filed a notice of appeal with this court which was dismissed, as we had no authority to extend the deadline for filing a notice of appeal. In response to this entry, Appellant, through counsel, filed a notice of appeal and a motion for leave to file a delayed appeal, which was granted.[3]

{¶5} Appellant next filed an appeal, initially through counsel via an *Anders* brief, and also filed a pro se brief in which he raised additional issues

---

[3] We have been unable to identify the exact date of the filing and grant of the delayed appeal. It would appear sufficient to say the delayed appeal was filed and granted sometime after November 27, 2006, (when Appellant filed his first notice of appeal which was dismissed as being untimely), and before September 18, 2007, (the date of our decision in *State v. Crum,* 4th Dist. Lawrence No. 07CA3, 2007-Ohio-4924).

for review.   Appellant asserted, through counsel, three issues:  (1) that the trial court failed to conduct judicial fact-finding before imposing a more-than-minimum concurrent sentence under *State v. Foster,* 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470;[4] (2) that he was provided ineffective assistance of counsel; and (3); that the trial court erred when it failed to dismiss count one of the Appellant's indictment for burglary as the State had failed to show all the essential elements of the crime.  In the pro se brief, Appellant raised four additional assignments of error: (1) that *Foster* should apply to his case and his initial appellate counsel's failure to file a notice of intent to appeal forced his case to be prematurely final; (2) that the trial court erred when it failed to dismiss count seventeen of his indictment as the State had failed to show all the essential elements of the crime of breaking and entering; (3) that the trial court denied his due process and fair trial rights when it failed to provide him enough time to obtain a fingerprint expert; and

---

[4] In *Foster,* the Supreme Court of Ohio declared that portions of Ohio's felony sentencing statutes were unconstitutional and excised them.  Former R.C. 2953.08(G), which provided the standard of review for felony sentencing, referred to some of the statutory provisions that *Foster* had deemed unconstitutional.  As a result, the Supreme Court in *State v. Kalish,* 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E.2d124, held that the standard of review in R.C. 2953.08(G)(2) was no longer applicable "because it expressly related to 'findings' that had been abrogated as unconstitutional." *State v Rodeffer,* 2nd Dist. Montgomery Nos. 25574,25575,25576, 2013-Ohio-5759, ¶26, quoting *State v. Venes,* 2013-Ohio-1891, 992 N.E.2d 453 ¶8, (8th Dist.). The United States Supreme Court held that it is constitutionally permissible for States to require judges to make findings of fact before imposing consecutive sentences. *Oregon v. Ice,* 444 U.S. 160, 164, 129 S. Ct. 711 (2009).  The Supreme Court of Ohio subsequently held that its decision in *Foster* remained valid after *Ice,* and that the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences "unless the General Assembly enacts new legislation requiring that findings be made." *Rodeffer,* at  ¶27, quoting *State v. Hodge,* 128 Ohio St. 3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus.  Thereafter, the Ohio General Assembly enacted 2011 Am.Sub. H.B. No. 86 ("H.B.86"), which removed the unconstitutional statutory provisions cited in R.C. 2953.08(G) and revived the judicial fact-finding requirement for consecutive sentences. *Rodeffer,* at ¶27.

(4) that he was denied due process by being arraigned without counsel. After independently reviewing the record, we agreed with counsel's conclusion that a meritorious claim did not exist upon which to base an appeal. In the above-referenced decision dated September 18, 2007, we found the appeal wholly frivolous and affirmed the judgment of the trial court.

{¶6} Appellant filed a "Motion for Re-sentencing" on January 9, 2013. By judgment entry dated January 24, 2013, the trial court denied Appellant's motion.[5] Appellant filed a notice of appeal of the January 24, 2013 entry. This court dismissed Appellant's appeal by entry dated May 3, 2013 for the reason that the entry appealed from was not a final appealable order. On June 4, 2013, Appellant filed a "Motion Requesting Final Appealable Order." On June 10, 2013, the trial court denied Appellant's motion.

{¶7} Appellant next filed a "Motion for Re-Sentencing" on June 25, 2013. On July 10, 2013, the trial court filed a judgment entry, finding that the motion for re-sentencing was, in fact, a petition for post-conviction relief and was required to be filed no later than one hundred eighty (180) days

---

[5] In the judgment entry, the trial court noted Appellant had twice approached the 4th District Court of Appeals. Appellate case number 06CA40 was dismissed on January 19, 2007. Appellate case number 07CA03 was dismissed on October 30, 2008.

after Appellant's conviction.  The trial court further found that it lacked jurisdiction to modify its own judgment.

{¶8}  This appeal followed.

ASSIGNMENTS OF ERROR

I.      "THE TRIAL COURT ABUSED ITS DISCRETION FOR FAILING TO HOLD AN EVIDENTIARY HEARING PRIOR TO OVERRULING APPELLANTS [SIC] MOTON FOR RE-SENTENCING."

II.     "THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED APPELANT'S [SIC]RIGHTS AGAINST DOUBLE JEOPARDY WHEN IT FAILED TO RECOGNIZE THE OFFENSES FOR WHICH HE WAS INDICTED AND SENTENCED CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT."

STANDARD OF REVIEW

{¶9}  We agree that Appellant's "Motion for Re-sentencing" constituted a motion for post-conviction relief. R.C. 2953.21 et seq., governing the proceedings upon a post-conviction petition, provides "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."  R.C. 2953.21(J); *State v. Ringer,* 1st Dist. Hamilton No. C-120606, 2013-Ohio-2442, ¶5. Appellant's "Motion for Re-sentencing" is reviewable as a post-conviction petition under the standards provided by the post-conviction statutes. *Id.; See State v. Schlee,* 117 Ohio St. 3d 153, 2008-Ohio-545, 882 N.E,.2d 431, ¶12.  Generally, a ruling on a post-conviction relief motion should not be

reversed absent an abuse of a trial court's discretion. *State v. Williams,* 4th Dist. Lawrence No. 12CA22, 2013-Ohio-2989, ¶16. See, *State v. Fisk*, 4th Dist. Washington No. CA4, 2011-Ohio-6116, at ¶ 6; *State v. Hicks,* 4th Dist. Highland No. 09CA15, 2010-Ohio-89, at ¶ 11. An abuse of discretion is more than an error of law or judgment; rather, it implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *Williams, supra.* See *State v. Clark,* 71 Ohio St. 3d 466, 470, 1994-Ohio-43, 644 N.E.2d 331; *State v. Moreland,* 50 Ohio St. 3d 58, 61, 552 N.E.2d 894 (1990).

## LEGAL ANALYSIS

{¶10} Because they are interrelated, we consider Appellant's assignments of error jointly. In his first assignment of error, Appellant contends the trial court erred by failing to hold an evidentiary hearing prior to overruling the motion for re-sentencing. In his second assignment of error, Appellant contends the trial court committed plain error and violated his rights against Double Jeopardy when it failed to recognize the offenses for which Appellant was sentenced constituted allied offenses of similar import.

{¶11} As noted above, the trial court noted that the motion to vacate was, in fact, a petition for post-conviction release [sic] and was required to be filed no later than one hundred eighty (180) days after Appellant's conviction in 2005. The trial court denied Appellant's motion as being

untimely filed. R.C. 2953.21(A)(2) provides: "If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the time for filing the appeal." The filing and grant of Appellant's delayed appeal did not extend the time for filing the petition for post-conviction relief. *State v. Owens,* 10th Dist. Mahoning No. 09 MA 116, 2010-Ohio-1003, ¶13. Other jurisdictions have consistently held that an allowance of a delayed appeal does not extend the time for filing a petition for post-conviction relief.[6]

{¶12}  This case and our decision herein is somewhat similar to that recently reached by the first district appellate court in *State v. Ringer*, 1st Dist. Hamilton No. C-120606, 2013-Ohio-2442. Ringer was convicted in 2002 upon guilty pleas to two counts of voluntary manslaughter. In January 2012, Ringer filed a "Motion for Merger Hearing Pursuant to RC. 2941.25." In his motion, he argued the trial court could not, consistent with R.C. 2941.25, sentence him on both counts of the voluntary manslaughter because they are allied offenses of similar import committed with the same conduct. In his appeal of the overruling of that motion, Ringer argued the trial court erred by failing to conduct an evidentiary hearing on his allied offenses

---

[6] See, also, *State v. Johnson,* 144 Ohio App. 3d 222, 225-266, 759 N.E.2d 889 (7th Dist. 2001); *State v. Macias,* 6th Dist. Lucas No. L-01-1391, 2003-Ohio-684, ¶8; *State v. Bird,* 138 Ohio App. 3d 400, 403-404, 741 N.E.2d 560 (10th Dist.2000); *State v. Fields,* 136 Ohio App. 3d 393, 396-397, 736 N.E.2d 933 (8th Dist. 1999); *State v. Johnson,* 5th Dist. Muskingum No. CT-98-0029, 1999 WL 254456, (Apr. 21, 1999), *2.

claim.  When filing a petition for post-conviction relief, the petitioner may

request an evidentiary hearing. R.C. 2953.21(A).  However, a hearing is not

automatically required for every post-conviction relief petition that is filed.

*State v. Simons,* 2nd Dist. Champaign No. 2013 CA5, 2013 WL 4537089, ¶

12, citing *State v. Jackson,* 64 Ohio St. 2d 107,110, 4123 N.E.2d 819 (1980).

See, also, *State v. Messineo,* 4th Dist. Athens No. 96CA1771, 1997 WL

323885, *2 (June 11, 1997). The first district court disagreed with Ringer's

contention. Noting Ringer had filed his motion well after the expiration of

the time prescribed by R.C. 2953. 21(A)(2), the appellate court pointed out,

as follows, that R.C. 2953.23 set forth the jurisdiction of the common pleas

court to entertain a late post-conviction petition:

> "The petitioner must show either that he was unavoidably
> prevented from discovery of the facts upon which his petition
> depends, or that this claim is predicated upon a new or
> retrospectively applicable federal or state right recognized by
> the United States Supreme Court since the expiration of the
> time prescribed by R.C. 2953.219A)(2) or since the filing of his
> last petition; and he must show 'by clear and convincing
> evidence that, but for constitutional error at trial, no reasonable
> factfinder would have found [him[]guilty of the offense of
> which [he]was convicted." *Ringer*, at ¶ 6.

{¶13}  The first district court held that because Ringer did not

satisfy either the time restrictions of R.C. 2953.21(A)(2) or the jurisdictional

requirements of R.C. 2953.23, the post-conviction statutes neither conferred

upon the common pleas court jurisdiction to entertain Ringer's post-

conviction motion, nor imposed upon the court an obligation to conduct an evidentiary hearing on the motion. *Id.* at 7.

{¶14} We made similar findings in *State v. Williams,* 4th Dist. Lawrence No. 11CA25, 2012-Ohio-3401. There Williams pled guilty to five counts of drug-related charges and was ordered to serve a total of eight years in prison. Williams did not appeal from the 2010 judgment entry of conviction. In August, 2011, Williams filed a petition to vacate and set aside the sentence pursuant to R.C. 2953.23, and raised various arguments including failure to merge allied offenses of similar import. The trial court scheduled a resentencing hearing and filed a new judgment entry of conviction on November 10, 2011. Williams still received a total of eight years in prison. Williams's appellate counsel filed an *Anders* brief raising the question of failure to merge the allied offenses. Upon review, we held that the trial court did not have jurisdiction to entertain Williams's petition for post-conviction relief or modify the 2010 judgment entry of conviction. We held:

> "[A]court has no jurisdiction to entertain an untimely petition for postconviction relief unless the petitioner makes the showings required by R .C. 2953.23(A)." *State v. Hall*, 4th Dist. Hocking No. 06CA17, 2007-Ohio-947, ¶10; (Internal citations omitted.)…. "Because Williams's petition was untimely, he had to meet the requirements of either R.C. 2953.23(A)(1) or 2953.23(A)(2)." ¶11-12. "Here Williams did not even attempt to satisfy either R.C. 2953.23(A)(1) or

2953.23(A)(2). Rather, he filed a standard petition that completely ignores the requirements of R.C. 2953.23. Williams's petition essentially claims (1) that his guilty pleas were not knowing, intelligent, and voluntary; (2) that Williams received ineffective assistance of counsel; and (3) that the trial court should have merged Williams's various offenses. These claims do not satisfy either R.C. 2953.23(A)(1) or 2953.23(A)(2). Therefore, the trial court did not have jurisdiction to entertain Williams's petition for postconviction relief, and the trial court did not have the authority to resentence Williams under the postconviction-relief statute. See *Hall* at ¶16."

{¶15} Thus, the trial court in *Williams* was also not required to conduct an evidentiary hearing, although it chose to do so. With Appellant's appeal of the trial court's "Motion for Resentencing" we are faced with a similar scenario. Here, also, Appellant filed a motion requesting collateral relief which would fall under the post-conviction statutes. However, Appellant did not file his post-conviction petition within the 180-day time limit as prescribed by R.C. 2953.21(A)(2). Because Appellant did not satisfy the time requirements or the jurisdictional requirements of R.C. 2953.23, the trial court was not obligated to conduct an evidentiary hearing on Appellant's motion. As such, we do not find the trial court abused its discretion by failing to conduct an evidentiary hearing on Appellant's untimely filed motion.

{¶16} Furthermore, the doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal. *State v. Literal,* 4th

Dist. Scioto No. 12CA3479, 2012-Ohio-6298, ¶6; *In re B.C.S.,* 4th Dist. No. 07CA60, 2008-Ohio-5771, ¶ 14. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In doing so, res judicata promotes the principles of finality and judicial economy by preventing endless re-litigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Literal, supra,* quoting *State v. Saxon,* 109 Ohio St. 3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶18. In *State v. Miller,* 4th Dist. Lawrence No. 11CA14, 2012-Ohio-1922, ¶1, we held because Miller could have but failed to raise an allied offenses argument in a direct appeal, his argument was barred by the doctrine of res judicata.

{¶17} Although Appellant was granted a delayed appeal, that did not extend the time limit for filing his post-conviction petition. Appellant's petition for post-conviction relief is time-barred. Further, we decline to reach the merits of Appellant's second assignment of error, that the trial court committed plain error for failing to merge his convictions as allied offenses of similar import, when this argument could have been raised in Appellant's *Anders* appeal and is barred, therefore, by the doctrine of res judicata. For these reasons, the judgment of the Lawrence County Common Pleas Court is reversed. The trial court's judgment entry overruling

Appellant's motion for resentencing is vacated.  The petition for post-

conviction relief should be dismissed for lack of jurisdiction.

**JUDGMENT REVERSED AND VACATED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE REVERSED AND VACATED and Appellant recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**